UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY WOLSCHLAGER,

        Plaintiff,                                                No. 19-13008

v.                                                          Honorable Nancy G. Edmunds

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S FEBRUARY 8, 2021 REPORT AND RECOMMENDATION [19]**

**I.    Background**

Plaintiff filed this action seeking review of the Commissioner of Social Security's decision denying his application for disability insurance benefits. The Court referred the matter to Magistrate Judge Anthony P. Patti, who recommends denying Plaintiff's motion for summary judgment, granting Defendant's motion for summary judgment, and affirming the Commissioner's decision. (ECF No. 19.) Plaintiff makes three objections to the Magistrate Judge's report and recommendation, (ECF No. 21), and Defendant has responded to those objections, (ECF No. 22). Having conducted a *de novo* review of the parts of the Magistrate Judge's report to which specific objections have been filed, the Court OVERRULES Plaintiff's objections and ACCEPTS and ADOPTS the report and recommendation. Accordingly, the Court DENIES Plaintiff's motion for summary judgment (ECF No. 15); GRANTS Defendant's motion for summary judgment

1

(ECF No. 18); and AFFIRMS the decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g).

## II.     Standard of Review

### A.     *De Novo* Review of Objections

Under Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *See also* 28 U.S.C. § 636(b)(1).

### B.     Substantial Evidence Standard

"This court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record."  *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citing 42 U.S.C. § 405(g)).  Substantial evidence is "'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports another conclusion, *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).  "The substantial evidence standard presupposes that there is a 'zone of

2

choice' within which the [Commissioner] may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)).

## III.   Analysis

Plaintiff makes three objections to the Magistrate Judge's report and recommendation.[1] Defendant argues that the objections reassert previously raised arguments, fail to demonstrate any error in the Magistrate Judge's analysis, and improperly raise new arguments for the first time.

### A.   Plaintiff's First Objection

Plaintiff first objects to the Magistrate Judge's finding that the administrative law judge ("ALJ") did not err when he found at step three of the sequential analysis that Plaintiff's back impairment did not meet or medically equal the criteria of Listing 1.04A.

To meet a particular listing, a claimant's impairments must satisfy each and every element of the listing. *See Sullivan v. Zebley*, 493 U.S. 521, 531 (1990). As the Magistrate Judge noted, here, because there is a lack of evidence that Plaintiff's straight-leg raises were positive in both the sitting and supine positions, this is sufficient to support the ALJ's finding that Plaintiff's impairment did not meet Listing 1.04A. *See* ECF No. 19, PgID 604-05 (citing *Palaghe v. Comm'r of Soc. Sec.*, No. 15-11920, 2016 WL 1714733, at *14 (E.D. Mich. Apr. 28, 2016)). Plaintiff himself concedes that the record does not state that the positive straight leg raises were obtained in both

---

[1] All of Plaintiff's objections relate to the Magistrate Judge's conclusion that substantial evidence supports the Commissioner's decision. Plaintiff had also, alternatively, sought a sentence six remand in this case, but he does not object to the Magistrate Judge's finding that such a remand is not warranted.

positions, but now asserts for the first time that the ALJ did not seek clarification regarding this point.  Plaintiff, however, bears the burden of proof at step three.  *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).  And as Defendant notes, even if there were positive straight leg raises in both positions, the record also reflects negative straight leg raise tests.  (*See, e.g.*, ECF No. 11-9, PgID 411; ECF No. 11-10, PgID 500.)  Thus, there is substantial evidence that Plaintiff's impairment did not meet Listing 1.04A.

Plaintiff also states that he had argued that his impairment was medically equivalent to Listing 1.04A.  The Magistrate Judge explicitly noted, however, that Plaintiff did not make an equivalency argument, or if he did, it was "too undeveloped" to warrant any analysis.  (ECF No. 19, PgID 605.)  Plaintiff notes that he had cited to *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411 (6th Cir. 2011), which discusses the ways in which medical equivalence can be found.  But Plaintiff had relied upon *Reynolds* in his motion for summary judgment to argue that the ALJ's step three analysis was insufficient, not to make an equivalency argument.  (*See* ECF No. 15, PgID 545-46.)  And even now Plaintiff only "posit[s]" that the totality of his impairments is medically equal to Listing 1.04A.  (*See* ECF No. 21, PgID 642.)  Moreover, to the extent Plaintiff now relies on Social Security Ruling 17-2p to argue the ALJ needed a medical finding or expert opinion regarding medical equivalence, that ruling applies "only when the ALJ finds that a claimant's impairments *are* medically equivalent to a Listing." *See Cooper v. Comm'r of Soc. Sec.*, No. 18-12611, 2019 WL 2240711, at *4 (E.D. Mich. Apr. 8, 2019), *adopted*, 2019 WL 2208151 (E.D. Mich. May 22, 2019).  Thus, it is not applicable here.  *See id.*  In addition, the record reflects that the state

4

agency medical consultant considered Listing 1.04 but ultimately rejected finding that Plaintiff's impairment equals the listing.  (*See* ECF No. 11-3, PgID 111-14.)

In sum, the Court agrees that substantial evidence supports the ALJ's finding that Plaintiff's back impairment did not meet or equal the criteria of Listing 1.04A.  Plaintiff's first objection is, therefore, overruled.

### B.      Plaintiff's Second Objection

Plaintiff objects to the Magistrate Judge finding no error in the ALJ's assessment of his residual functional capacity ("RFC").[2]  More specifically, Plaintiff asserts that the ALJ should have incorporated all of the limitations set forth in a medical source statement prepared by a nurse practitioner.

The ALJ gave little weight to the statement at issue because "it was rendered in the immediate aftermath" of Plaintiff's surgery, "it includes manipulative limitations that would not have been affected by" by that surgery, and it was prepared by a family nurse practitioner, who is not an acceptable medical source.  (ECF No. 11-2, PgID 66.)  While Plaintiff asserts that it is not fair he could not take advantage of a new rule making nurse practitioners acceptable sources, he concedes that the ALJ applied the regulation that

---

[2] The ALJ found that Plaintiff had the RFC

> to perform sedentary work as defined in 20 CFR 404.1567(a) except occasional climbing, stooping, kneeling, crouching, and crawling; frequent exposure to temperature extremes, vibration, and workplace hazards (unprotected heights, dangerous moving machinery, etc.); frequent handling and fingering with the bilateral upper extremities; and requires a sit/stand option at will, provided that he is not off task for greater than 10% of the workday.

(ECF No. 11-2, PgID 64.)

5

was in effect at the time of his claim.  (*See also* ECF No. 19, PgID 609.)  The Court agrees with the Magistrate Judge that there was no error in the ALJ's treatment of the opinion provided by the nurse practitioner.  Thus, Plaintiff's second objection is overruled.

### C. Plaintiff's Third Objection

Finally, Plaintiff objects to the Magistrate Judge finding no error in the ALJ's decision not to include a restriction on twisting in the hypothetical question posed to the vocational expert.  As the Magistrate Judge noted, Plaintiff's argument regarding the hypothetical question "is really a veiled attack on the RFC, since the restrictions he proposes would only need to be included in the hypothetical if included in the RFC, which they are not."  (ECF No. 19, PgID 611.)  The Magistrate Judge ultimately found, and the Court agrees, that Plaintiff did not meet his burden of proving his entitlement to a more restrictive RFC.  And to the extent Plaintiff takes issue with the Magistrate Judge's reliance on the Dictionary of Occupational Titles ("DOT") to ascertain the abilities needed to perform Plaintiff's past relevant work as a bench hand, the Court finds no error.  *See* 20 C.F.R. § 404.1566(d) (listing the DOT as a publication the agency may take administrative notice of job data from).  Thus, Plaintiff's third objection is overruled.

### IV. Conclusion

For the foregoing reasons, the Court OVERRULES Plaintiff's objections and ACCEPTS AND ADOPTS the Magistrate Judge's report and recommendation.  The Court therefore DENIES Plaintiff's motion for summary judgment (ECF No. 15);

GRANTS Defendant's motion for summary judgment (ECF No. 18); and AFFIRMS the decision of the Commissioner of Social Security pursuant to § 405(g).

  SO ORDERED.

           s/Nancy G. Edmunds
           Nancy G. Edmunds
           United States District Judge

Dated: March 23, 2021


I hereby certify that a copy of the foregoing document was served upon counsel of record on March 23, 2021, by electronic and/or ordinary mail.

           s/Lisa Bartlett
           Case Manager